UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
ALBANY DIVISION

| | |
|---|---|
| In re:<br><br>JDJ LLC<br><br>Debtor. | Case No. 26-11058-1-pgr<br>Chapter 11 |

**UNITED STATES TRUSTEE'S**
**MOTION TO DISMISS WITH LIMITED BAR TO REFILE**

TO: HON. PATRICK G. RADEL
UNITED STATES BANKRUPTCY JUDGE

William K. Harrington, the United States Trustee for Region 2 ("United States Trustee"), by and through counsel, respectfully moves this Court for an order dismissing this chapter 11 case pursuant to 11 U.S.C. § 1112(b)(1) and (4) ("Motion") for "cause" including that the Debor is attempting proceed as an unrepresented non-individual in violation of Local Bankruptcy Rule 9010-2(a). In support of this motion, the United States Trustee respectfully represents and alleges as follows:

**Statement of Facts**

1. JDJ LLC ("Debtor") filed a petition for relief under chapter 11 of the United States Bankruptcy Code on September 15, 2026.

2. The Debtor's bankruptcy petition self-identifies as a corporation, and it is therefore a non-individual.

3. At this time, no attorney has entered his or her appearance to represent the Debtor in this case, and to the best of the United States Trustee's knowledge, the Debtor is unrepresented and proceeding *pro se*.

4. The bankruptcy filing is "skeletal" in nature with only limited required documents having been filed, with the balance of the remaining required documents due on or before September 29, 2026 (Docket Entry No. 2).

5. The Debtor previously filed a chapter 11 case on May 18, 2026, case no. 26-10557 ("Prior Case").

6. Like the current case, the Prior Case was a "skeletal" filing without representation by counsel.

7. The Prior Case was dismissed on June 18, 2026, based upon this Court's Show-Cause for lack of counsel, as well as a previous motion to dismiss filed by this office.

8. No response to the Court's Show-Cause or the United States Trustee's motion to dismiss was filed in the Prior Case, nor were any of the required documents filed prior to dismissal.

**Statutory Standards**

11 U.S.C. § 1112(b)(2) provides that the Court may dismiss a chapter 11 case upon a showing of cause. 11 U.S.C. § 1112(b)(4) contains a non-exhaustive list of examples of cause to dismiss including: substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; gross mismanagement of the estate; failure to maintain appropriate insurance that poses a risk to the estate or to the public; failure to comply with an order of the court; unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter; failure timely to provide information or attend meetings reasonably requested by the United States trustee. *In re Pal Family Credit Co., Inc. v. County of Albany*, 451 B.R. 1 (NDNY, Feb. 25, 2010) (citing *In re C-TC 9th Ave. Partnership*, 113 F.3d 1304, 1311 (2d Cir.1997); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 985 (Bankr. N.D.N.Y., Oct. 14, 1988).

Any one of these failures could be enough to warrant dismissal. See generally, *In re Babayoff*, 445 B.R. 64 (Bankr. E.D.N.Y., Feb. 16, 2011). In the aggregate, these failures may demonstrate gross mismanagement of the Debtor's operations. *In re V. Savino Oil & Heating Co., Inc.,* 99 B.R. 518, 527 (Bankr. E.D.N.Y., Apr. 28, 1989).

The burden of demonstrating cause rests with the moving party. That burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other "cause." *In re FRGR Managing Member LLC,* 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009); *In re State St. Assocs., L.P.,* 348 B.R. 627, 639 n. 24 (Bankr. N.D.N.Y. 2006) (while the list of examples of cause has changed in the 2005 amendment, the fact that they are illustrative, not exhaustive, has not).

The Local Bankruptcy Rules for the Northern District of New York, Rule 9010-2(a) states that a non-individual debtor shall not be permitted to proceed under chapter 11 without representation by an attorney duly admitted to the Northern District of New York.

**Argument**

Because Debtor is a non-individual who is unrepresented in this case, the Local Rules prohibit the Debtor from proceeding under chapter 11. In turn, the Debtor inability to proceed under chapter 11 pursuant to Local Rules is "cause" for dismissal pursuant to 11 U.S.C. § 1112.

In addition, this is the second case filed by this entity in the last six months with the same fundamental deficiencies and no apparent attempt to actually engage in the bankruptcy process or reorganize. Such filings are an undue burden on the Court, the Clerk's office, and the Office of the United States Trustee by utilizing valuable judicial resources without a valid bankruptcy purpose. To that end, the United States Trustee requests that should the Debtor again fail to respond to the proposed dismissal of this case or otherwise fail to timely file the required documents listed in Docket Entry No. 2, that the Court impose a brief bar of 180 days to refile pursuant to 11 U.S.C. §§ 105(a) and 349(a).

**WHEREFORE,** based on the foregoing, the United States Trustee respectfully requests that the Court dismiss the above captioned case for “cause”, impose a 180-day bar to refile, and for such other and further relief as the Court deems just and proper.

Dated: September 23, 2026
Albany, New York

Respectfully submitted,
WILLIAM K. HARRINGTON
UNITED STATES TRSUTEE, REGION 2

*/s/ Harrison E. Strauss*
Harrison E. Strauss - Trial Attorney
OFFICE OF UNITED STATES TRUSTEE
Leo O’Brien Federal Building
11A Clinton Ave., Room 620
Albany, New York 12207
NDNY Bar Roll No. 705825
(518) 434-4553
Harrison.Strauss@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically upon all parties receiving electronic notice in this case on September 23, 2026, and upon the following via first-class mail:

JDJ LLC
278 River St
Troy, NY 12180

/s/ Harrison E. Strauss
Harrison E. Strauss, Trial Attorney